Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                    No. 03-4247

JIMMY BIJOU, a/k/a Jimmy Bigou
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-02-7-V)

Submitted: January 30, 2004

Decided: April 13, 2004

Before WIDENER, LUTTIG, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Noell P. Tin, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Robert J. Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jimmy Bijou pleaded guilty to three counts of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) (2000). His guideline range was 210-262 months. He was sentenced to 120 months on each count, with the sentences on Counts Two and Three to run concurrently with each other and consecutively to the sentence on Count One, for a total sentence of 240 months. Bijou appeals, arguing that his sentence violates the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirm.

Bijou contends that his sentence was enhanced in violation of *Apprendi* based on conduct charged in two counts that were dismissed. In *Apprendi*, the Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. *Apprendi* does not require that a jury decide facts that increase a guideline range but do not increase the statutory maximum sentence. *United States v. Kinter*, 235 F.3d 192, 201-02 (4th Cir. 2000).

Further, if a defendant stands convicted on multiple counts of an indictment and the guidelines mandate a sentencing range that is greater than the highest statutory maximum of any single count, the district court must impose consecutive terms of imprisonment to achieve a punishment within the guideline range. USSG § 5G1.2(d); *United States v. White*, 238 F.3d 537, 542-43 (4th Cir. 2001). There is no *Apprendi* violation in such a situation unless the defendant is sentenced to more than the statutory maximum on any of the counts of conviction. *Id.*; *see United States v. White*, 240 F.3d 127, 135 (2nd Cir. 2001).

Applying these principles, because Bijou did not receive more than the statutory maximum of ten years on any of the counts of conviction, *Apprendi* does not preclude enhancement of the sentence based on conduct that was the subject of dismissed counts. Additionally, the district court was obligated under the guidelines and case law to impose consecutive terms of imprisonment in order that Bijou receive

a sentence within the guideline range of 210-264 months. Bijou's 240-month sentence does not offend *Apprendi*.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*