**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4247**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JIMMY BIJOU, a/k/a Jimmy Bigou,

Defendant - Appellant.

---

On Remand from the United States Supreme Court.
(S. Ct. No. 04-5272)

---

Submitted: October 31, 2005        Decided: November 30, 2005

---

Before WIDENER, LUTTIG, and SHEDD, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Noell Tin, TIN FULTON GREEN & OWEN, P.L.L.C., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Robert J. Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case is before us on remand from the United States Supreme Court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). In United States v. Bijou, 92 F. App. 966 (4th Cir. Apr. 13, 2004) (unpublished), vacated, 125 S. Ct. 1022 (2005), we affirmed Jimmy Bijou's 240-month sentence imposed upon his plea of guilty to three counts of possession of a firearm by a convicted felon. After reviewing Bijou's sentence in light of Booker, we vacate his sentence and remand for resentencing.

Bijou contends that his sentence violates the Sixth Amendment because the district court in sentencing him applied the cross reference in U.S. Sentencing Guidelines Manual § 2K2.1(c)(1)(A) (2002). The result is that Bijou is serving a sentence based upon facts (possession of a certain amount of drugs and possession of a firearm during the drug offense) found by the judge by a preponderance of the evidence, rather than facts found by a jury or admitted to by Bijou. Bijou raised this issue in the district court, and our review is therefore de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).

In Booker, the Supreme Court held that the mandatory manner in which the Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.

- 2 -

<u>Booker</u>, 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. <u>Id.</u> at 746 (Stevens, J., opinion of the Court); <u>id.</u> at 756-67 (Breyer, J., opinion of the Court).

Here, the district court sentenced Bijou under the mandatory Sentencing Guidelines by applying the cross reference, determining the base offense level based upon the amount of drugs, and enhancing that level by two levels based upon Bijou's possession of a firearm during the commission of the drug offense. These findings, among others, resulted in a guideline range of 210-262 months' imprisonment, and the court sentenced Bijou to 240 months in prison.

Had Bijou been sentenced based upon the facts to which he pled guilty, his total offense level would have been 24. With a criminal history category of VI, Bijou's guideline range would have been 100-125 months' imprisonment. Because his 240-month sentence exceeds the maximum authorized by the facts he admitted, there was a Sixth Amendment error requiring resentencing.[1] <u>See</u> <u>United States v. Evans</u>, 416 F.3d 298, 300 (4th Cir. 2005).

---

[1]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of" Bijou's sentencing.

Accordingly, we vacate Bijou's sentence and remand for resentencing.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2]Although the Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767 (Breyer, J., opinion of the Court).  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. <u>Hughes</u>, 401 F.3d at 546.  If the sentence falls outside the Guideline range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005).  <u>Hughes</u>, 401 F.3d at 546.  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 547.